UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:

Jodi Rambarran

Case No.   13-26624-RAM

Chapter 7

_____/

# TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

> Any interested party who fails to file and serve a written response to this motion within **21 days** after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.

**COMES NOW**, Maria M. Yip, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Jodi Rambarran (the "Debtor"), moves the (the "Motion"), pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation") entered into by and between the Trustee and the Debtor. In support of the Motion, the Trustee states as follows:

## Background and Jurisdiction

1. On July 15, 2013 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Maria M. Yip was appointed as Chapter 7 Trustee.

2. The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the analysis and agreement are set forth in the Stipulation, attached hereto as Exhibit "A".

3. The Stipulation provides for repurchase of certain of the Debtor's non-exempt assets, (the "Settlement").

4. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

### Legal Standard for Settlement

6. Bankruptcy Rule 9019(a) provides: "On motion….and after a hearing on notice to creditors, the debtor…. and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.)(citing *Rivercity v. Herpel (in re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2nd Cir. 1985); *In re Prudence Co.*, 98 F.2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (in re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

9. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a) The probability of success in litigation;
    (b) The difficulties, if any, to be encountered in the matter of collection;
    (c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
    (d) The paramount interest of the creditors and a proper defense to their reasonable views in the premises.

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 12544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10. The Trustee believes that the proposed settlement meets the standards set forth in *In re Jackson Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B".

**WHEREFORE**, Maria M. Yip, as Chapter 7 Trustee of the Bankruptcy Estate of Jodi Rambarran and , respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served to all parties on the attached service list and was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on October 2, 2013:

Atlas Acquisitions
bk@atlasacq.com

Michael P Borell on behalf of Debtor Jodi Rambarran
ana@michaelborellpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Signed:   /s/ Maria M. Yip, Trustee
Maria M. Yip, Trustee
One Biscayne Tower
2 S. Biscayne Blvd, Suite 2690
Miami, FL 33131
Telephone:  305-908-1862
Facsimile:   786-800-3903
trustee@yipcpa.com

```
Label Matrix for local noticing         Atlas Acquisitions                      Afni, Inc. (Original Creditor:At T)
113C-1                                  294 Union St                            Po Box 3097
Case 13-26624-RAM                       Hackensack, NJ 07601-4303               Bloomington, IL 61702-3097
Southern District of Florida
Miami
Wed Oct  2 16:22:33 EDT 2013

Biltmore Village Condominium            Cbna                                    Hsbc/Ms
c/o Cadicorp Management                 Po Box 769006                           Po Box 9068
7700 N. Kendall Drive, PH2              San Antonio, TX 78245-9006              Brandon, FL 33509-9068
Miami, FL 33156-7693


I C System Inc (Original Creditor:At T  Lvnv Funding Llc (Original Creditor:Hsbc Midland Funding (Original Creditor:Ge Mo
Po Box 64378                            Po Box 10497                            8875 Aero Dr Ste 200
Saint Paul, MN 55164-0378               Greenville, SC 29603-0497               San Diego, CA 92123-2255


Nco Fin /99 (Original Creditor:06 Progre Nco Fin/09 (Original Creditor:Directv) New York Community Ban
Pob 15636                               507 Prudential Rd                       1801 E 9th St Ste 200
Wilmington, DE 19850-5636               Horsham, PA 19044-2308                  Cleveland, OH 44114-3103


Office of the US Trustee                Pentagroup Financial (Original Creditor: Quantum3 Group LLC as agent for
51 S.W. 1st Ave.                        5959 Corporate Dr Ste 14                 CF Medical LLC
Suite 1204                              Houston, TX 77036-2302                   PO Box 788
Miami, FL 33130-1614                                                             Kirkland, WA 98083-0788


Residential Credit Slt                  Rjm Acquisitions Llc                    Tate & Kirlin Assoc (Original Creditor:A
4282 North Fwy                          575 Underhill Blvd, Suite 224           2810 Southampton Rd
Fort Worth, TX 76137-5021               Syosset, NY 11791-4437                  Philadelphia, PA 19154-1207


U S Dept Of Ed/Gsl/Atl                  Jodi Rambarran                          Maria Yip
Po Box 4222                             6101 S.W. 46th Street                   2 S. Biscayne Blvd #2690
Iowa City, IA 52244                     Miami, FL 33155-6012                    Miami, FL 33131-1815


Michael P Borell
782 NW 42 Ave # 332
Miami, FL 33126-5550
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Miami                                (d)Atlas Acquisitions LLC               End of Label Matrix
                                        294 Union St.                           Mailable recipients    21
                                        Hackensack, NJ 07601-4303               Bypassed recipients     2
                                                                                Total                  23
```

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WWW.FLSB.USCOURTS.GOV

In re:                                           CASE NO.: 13-26624

JODI RAMBARRAN                                   CHAPTER 7

Debtor.
_____/

## STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS

This Stipulation is entered into between Maria Yip ("the Trustee"), and Jodi Rambarran ("the Debtor"), on September 26, 2013.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 15, 2013;

WHEREAS, Maria Yip is the duly appointed Chapter 7 Trustee;

WHEREAS, on Schedule B, the Debtor listed the following items: a 2000 Lexus ES 300 vehicle with a value of $4,000.00, and a Security Deposit in the amount of $4,200.00;

WHEREAS, the items listed above shall be referred to collectively henceforth as the "Property;"

WHEREAS, the Debtor has claimed a portion of the Property as exempt;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby

acknowledged by the parties, the parties agree to the following:

1. The Debtor will pay the Trustee $3,852.00 in eighteen (18) monthly payments in the amount of $214.00 due on the 15th of each month. The first payment is due on or before October 15, 2013. The final payment is due on or before March 15, 2015.

2. The payments will be by cashier's check or money order made payable to the order of Maria Yip, Trustee and mailed to the Trustee's office at: 201 Alhambra Cir. #501, Coral Gables, FL 33134. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3. As part of this Settlement, the Debtor agrees that the deadline for the Trustee to object to claimed exemptions and discharge shall be extended until ten (10) days after the entry of any order approving this Stipulation is entered, and that the Trustee may file an agreed motion necessary to effectuate such extension.

4. As part of this Settlement, the Debtor agrees to: i) maintain full liability and property damage insurance on the 2000 Lexus ES 300 vehicle until such time as the vehicle is sold at auction or the Settlement Amount is paid in full and (ii) name Maria Yip, Trustee as loss payee (or other interested party) and additional insured on the insurance policy for the vehicle referenced above and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy

5. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain

2

no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), is true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6. If the Debtor complies with all the terms of this Stipulation, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

7. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

8. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

9. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

10. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11. If the Debtor fails to timely make any of the payments described in paragraph 1, or fails to comply with the provisions in paragraph 4, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

12. In the event that the Debtor fails to comply with all the terms of this Stipulation,

3

or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at an annual rate of 5%, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14. The Trustee has accepted this settlement subject to this Court's approval.

15. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

16. Time is of the essence as to all deadlines within this stipulation.

17. This agreement represents the full and complete understanding of the parties.

18. The Trustee believes that this agreement is in the best interest of the estate.

19. This agreement may be signed in counterparts.

4

20. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____  9-26-13
JODI RAMBARRAN              DATE
DEBTOR

_____  9-27-13
MICHAEL BORELL, ESQ.        DATE
DEBTOR'S ATTORNEY

_____  9/27/2013
MARIA YIP                   DATE
TRUSTEE

5

EXHIBIT "B"

PROPOSED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In Re:                                             Case No. 13-26624-RAM

Jodi Rambarran                                     Chapter 7 Proceeding

_____Debtor(s)_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND <u>REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS</u>**

**THIS CAUSE** came before this Court upon the Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Motion"). The Court having reviewed the Motion and the certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in re Justice Oaks II, Ltd. 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is **ORDERED AND ADJUDGED:**

1. The Motion is GRANTED.

2. The proceeds of $3,852.00 are allocated as follows:

   - $2,780.00            (attributable to the 2000' Lexus ES 300); and
   - $1,072.00            (attributable to the Security Deposit).

3. The compromise and settlement is approved on the terms and conditions set forth in the Motion and Stipulation attached to the Motion.

4. The Court incorporates the terms of the Stipulation into this Order and retain jurisdiction to enforce the terms thereof.

###

**Submitted by:**
Maria M. Yip, Trustee
One Biscayne Tower
2 S. Biscayne Blvd, Suite 2690
Miami, FL 33131
Telephone: 305-908-1862
Facsimile: 786-800-3903
trustee@yipcpa.com

**Copies Furnished to:**
Maria M. Yip, Trustee

*Trustee Yip is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.*